LATTY *v.* LATTY.

5-2816                                                          362 S. W. 2d 676

Opinion delivered December 3, 1962.

[Rehearing denied January 7, 1963.]

*Batchelor & Batchelor*, for appellant.

*Jeff Duty*, for appellee.

ED. F. McFADDIN, Associate Justice. This is a dispute between the divorced parents of a little boy, as to visitation rights of the father.

John and Catherine Latty were married on March 14, 1957; and on April 6, 1961 the Benton Chancery Court awarded John Latty a divorce on his cross-complaint, but gave Catherine Latty the custody of their 3-year-old son, Jimmy Latty, and required John Latty to pay $50.00 each month for the support of the little boy. Catherine Latty had removed to Kiowa, Oklahoma (some 200 miles from Benton County, Arkansas) during the course of the divorce litigation; and the decree of April 6, 1961 had this provision as to the visitation rights of John Latty:

"The custody of the minor child,.Jimmy John Latty, should be awarded to plaintiff (Catherine Latty) with the right to the defendant (John Latty) for reasonable visitation, including a visit with said child every other week-end at his home in Benton County, which will include an over-night stay with the defendant on a Saturday night. The burden is upon the plaintiff (Catherine Latty) to bring the child for the visit and return the child at her own expense. The defendant is further granted the temporary custody of said child for one month during the summer, such month to be chosen by the defendant, but he shall give reasonable notice of the time for such visit, which shall be not less than two days prior to his coming after the child. The expense of coming after and returning the child for this month's visit during the summer shall be borne by the defendant."

On December 22, 1961, Catherine Latty filed a petition in the Benton Chancery Court seeking, *inter alia*: (a) modification of the above copied visitation provisions; and (b) increased monthly payments because another child had been born to the Lattys after the divorce decree had been granted. At the hearing from which comes this appeal, the Chancery Court rendered a decree on January 25, 1962, which increased the monthly payments required of John Latty to $60.00 per month (on account of the birth of the other child), and made this provision as to John Latty's visitation rights to his now 4-year-old son Jimmy:

"That part of the Petition which seeks to modify the Decree of April 6th, 1961 as to custody and visitation rights concerning the minor child, Jimmy John Latty, should be denied, and said Decree as regards custody and visitation rights should remain as rendered and unchanged.

"It is further found by the Court that the Plaintiff and Cross-Defendant, Catherine Latty, should deliver said child, Jimmy John Latty, to the Defendant and Cross-Plaintiff, John Latty, Jr., on the week-end visits as provided for in said Decree, between 2:00 and 2:30 P.M. on Saturday and that said child shall remain

with the defendant and Cross-Plaintiff until 1:30 P.M. on Sunday.''

On this appeal, Catherine Latty challenges the Chancery Decree on five points; but we find none to possess merit except the one now to be discussed; and it relates to the requirement in the decree that Catherine Latty bear the entire expense of delivering Jimmy Latty to his father, and returning to receive the boy.

Since the making of the original visitation order on April 6, 1961, there has been a change in conditions, in that Catherine Latty has another baby; and naturally such baby requires her attention. The distance from Kiowa, Oklahoma to Benton County, Arkansas was shown to be approximately 200 miles, and a four or five hour journey by automobile, which seems to be the best method of transportation in this case. Catherine Latty has no automobile; and to comply with the Court's decree she must either borrow her step-father's car, or borrow or rent a car from some other person. We conclude that it is an unjust burden to charge her with the responsibility and expense of delivering Jimmy Latty to his father in Benton County, Arkansas for each bi-weekly visit, as well as the expense of returning to receive the child at the end of such visit. It was shown that John Latty has an automobile, and that he rarely works on Saturdays and Sundays. We therefore conclude that John Latty is better able to make the bi-weekly trips, than is Catherine Latty.

We, therefore, modify the decree of January 25, 1962, to this extent only: John Latty may go to Catherine Latty's home in or near Kiowa, Oklahoma every other week, if he so desires, and get his son Jimmy at any time after 8:00 A.M. on Saturday; but must return the child to the mother in or near Kiowa, Oklahoma not later than 6:00 P.M. on the next day (Sunday); and the expense of the trip will be borne by John Latty and no part of such expenses will be deducted from the $60.00 per month support money which he is to pay.

As so modified, the Chancery decree is affirmed at the cost of appellee.